MORGAN, LEWIS & BOCKIUS LLP
Daryl S. Landy, Bar No. 136288
dlandy@morganlewis.com
Christopher M. Robertson, Bar No. 139449
crobertson@morganlewis.com
Sarah N. Drechsler, Bar No. 223820
sdrechsler@morganlewis.com
5 Park Plaza
Suite 1750
Irvine, CA  92614
Tel:   +1.949.399.7000
Fax:   +1.949.399.7001

Attorneys for Defendant
TRUSTAFF TRAVEL NURSES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA MOPPIN, Individually, and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>      vs.<br><br>LOS ROBLES REGIONAL MEDICAL CENTER (d/b/a "Los Robles Hospital and Medical Center"), a California Corporation; TRUSTAFF TRAVEL NURSES, LLC, an Ohio Limited Liability Company; and DOES 1 thru 50, inclusive,<br><br>        Defendants. | Case No. **5:15-cv-01551**<br><br>[VCSC Case No.: 56-2015-00467978-CU-OE-VTA]<br><br>**DEFENDANT TRUSTAFF TRAVEL NURSES, LLC'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>Class Action Fairness Act<br><br>[28 U.S.C. §§ 1332(d), 1441, 1446, 1453]<br><br><br>Complaint Filed: May 27, 2015 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ANDREA MOPPIN AND DEFENDANT LOS ROBLES REGIONAL MEDICAL CENTER AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. Sections 1332(d), 1441, 1446, and 1453, Defendant Trustaff Travel Nurses, LLC hereby removes the above-entitled action from the Superior Court of the State of California for the County of Ventura, to the United States District Court for the Central District of California.  This Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA").  Removal is based on the following grounds:

I.   **SUMMARY OF COMPLAINT**

1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.  *See* 28 U.S.C. § 1453.

2.      On May 27, 2015, Plaintiff Andrea Moppin ("Moppin") filed her Class Action Complaint ("Complaint") against Defendants Los Robles Regional Medical Center ("Los Robles") and Trustaff Travel Nurses, LLC ("Trustaff") in the Superior Court of the State of California for the County of Ventura, entitled *Andrea Moppin v. Los Robles Regional Medical Center (d/b/a "Los Robles Hospital and Medical Center") and Trustaff Travel Nurses, LLC,* and designated Case No. 56-2015-00467978-CU-OE-VTA.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.  True and correct copies of the Summons, Civil Case Cover Sheet, Notices, and Minute Order which Moppin served on Trustaff are attached as **Exhibit B**.[1]  A true and correct copy of the confirmation of service of the Complaint in Exhibit A and the documents in Exhibit B by Moppin on Trustaff's registered agent for service of process is attached as **Exhibit C**.  On July 30, 2015, Trustaff filed an Answer to the Complaint.  A true and correct copy of Trustaff's

---

[1] Trustaff understands that Moppin also served her Complaint on Los Robles.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 84234632.3

1

DEFENDANT TRUSTAFF'S
NOTICE OF REMOVAL

1   Answer is attached as **Exhibit D**.

2       3.    Moppin purports to bring and maintain this action as a class action

3   under California Civil Procedure Code Section 382.  (Complaint ¶¶ 1, 23.)  Moppin

4   seeks to represent the following six classes:

       a.    All California citizens employed by Defendants as hourly-paid
5   non-exempt employees who, during the relevant statutory time period,
    were subject to Defendants' policies and practices regarding reporting
6   time (hereinafter, the "Reporting Time Class");

7          b.    All California citizens employed by Defendants as hourly-paid
non-exempt employees who, during the relevant statutory time period,
8   were subject to Defendants' policies and practices regarding the
    payment of overtime wages and were not paid the appropriate
9   overtime pay rate (hereinafter, the "Overtime Rate Class");

10          c.    All California citizens employed by Defendants as hourly-paid
11   non-exempt employees who, during the relevant statutory time period,
were subject to Defendants' policies and practices regarding meal
12   periods (hereinafter, the "Meal Period Class");

13          d.    All California citizens employed by Defendants as hourly-paid
non-exempt employees who, during the relevant statutory time period,
14   were subject to Defendants' policies and practices regarding rest
periods (hereinafter, the "Rest Period Class");
15

16          e.    All California citizens employed by Defendants as hourly-paid
non-exempt employees who, during the relevant statutory time period,
17   were subject to Defendants' policies and practices regarding wage
statements (hereinafter, the "Wage Statement Class"); and
18

19          f.    All California citizens formerly employed by Defendants as
hourly-paid non-exempt employees who, during the relevant statutory
20   time period, were subject to Defendants' policies and practices
regarding final pay (hereinafter, the "Final Pay Class").

21   (Complaint ¶ 24.)

22       4.    Moppin's Complaint seeks monetary damages, penalties, injunctive

23   relief, restitution, attorneys' fees, costs, and interest for the following claims:

24   (1) the purported failure to provide reporting time pay in violation of Labor Code

25   Sections 218 and 1198 and Section 5 of the IWC Wage Order(s); (2) the purported

26   failure to pay overtime wages at the correct premium rate in violation of Labor

27   Code Sections 510 and 1194 and Section 3 of the IWC Wage Order(s); (3) the

28   purported failure to provide all meal periods in violation of Labor Code Sections

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 84234632.4

2

DEFENDANT TRUSTAFF'S
NOTICE OF REMOVAL

226.7 and 512 and Section 11 of IWC Wage Order(s); (4) the purported failure to authorize and permit all paid rest periods in violation of Labor Code Section 226.7 and Section 12 of IWC Wage Order(s); (5) the purported failure to timely furnish complete and accurate itemized wage statements in violation of Labor Code Section 226, subdivision (a), and Section 7 of IWC Wage Order(s); (6) the purported violation of Labor Code Section 203 by willfully failing to pay, without abatement or reduction, all final wages owed in accordance with Labor Code Sections 201and 202; (7) the purported violation of the Private Attorneys General Act of 2004 ("PAGA"), Labor Code Section 2698, *et seq*.; and (8) the purported unfair business practices in violation of Business & Professions Code Section 17200, *et seq*. (Complaint ¶ 7.)

5.      Based on the above allegations, Moppin's Complaint is framed as a putative class action and seeks recovery for purported wage and hour violations under California law.  Therefore, this matter is a class action as that term is defined pursuant to 28 U.S.C. Sections 1332(d)(1)(B) and 1453.[2]

**II.      THE REMOVAL IS TIMELY**

6.      Trustaff has timely removed this action within 30 days of service. Moppin personally served Trustaff's registered agent for service of process with the Complaint on July 1, 2015.  (Exh. C.)  Because this Notice of Removal is filed within 30 days of service of the Complaint on Trustaff, it is timely under 28 U.S.C. Sections 1446 and 1453.  *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

7.      No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

---

[2] Trustaff does not concede, and reserves the right to contest, Moppin's allegations that this lawsuit properly can proceed as a class or representative action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 84234632.4

3

DEFENDANT TRUSTAFF'S
NOTICE OF REMOVAL

### III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

8.     This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA, because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and one or more defendants, the number of proposed class members is 100 or greater, and the amount placed in controversy by Moppin's Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs.  28 U.S.C. Sections 1332(d)(2), 1453.  Removal under diversity jurisdiction is therefore proper pursuant to 28 U.S.C. Sections 1441, 1446, and 1453.

### A.   Diversity Of Citizenship Under CAFA Exists Among The Parties

9.     In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, a single plaintiff or putative class member is a citizen of a state different from that of a single defendant.  28 U.S.C. Section 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. Section 1332(d)(2)).

10.     Diversity of citizenship under CAFA exists in this matter because (1) Moppin is, and was at the time that she filed this action, a citizen of California; (2) Trustaff is, and was at the time that Moppin filed this action, not a citizen of California, but a citizen of Ohio; and (3) the citizenship of the "Doe Defendants" named in Moppin's Complaint must be disregarded for purposes of determining diversity jurisdiction in this matter.

### 1.   Moppin Is A Citizen Of California

11.     "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 84234632.4

4

DEFENDANT TRUSTAFF'S
NOTICE OF REMOVAL

1    *Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity

2    of citizenship jurisdiction, citizenship is determined by the individual's domicile at

3    the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, No. 98-

4    17024, 2000 U.S. App. LEXIS 28085, at *3 (9th Cir. Nov. 8, 2000) (citing *Lew v.*

5    *Moss,* 797 F.2d 747, 750 (9th Cir. 1986)).

6           12.    Moppin alleges that she is "a California citizen." (Complaint ¶ 5.)

7    Thus, Moppin was domiciled in the State of California at the time that she filed this

8    action (and on information and belief still is a citizen of the State of California), and

9    is therefore a citizen of California for purposes of diversity jurisdiction in this

10   matter.[3]

11                **2.    Trustaff Is Not A Citizen Of California**

12          13.    A limited liability company is an "unincorporated association" for

13   purposes of CAFA jurisdiction.  *Ferrell v. Express Check Advance of SC LLC*, 591

14   F.3d 698, 699-700 (4th Cir. 2010).  "[A]n unincorporated association shall be

15   deemed to be a citizen of the State where it has its principal place of business and

16   the State under whose laws it is organized."  28 U.S.C. Section 1332(d)(10);

17   *Ferrell*, 591 F.3d at 700.

18          14.    Trustaff is, and was at the time of the institution of this civil action, a

19   limited liability company organized under the laws of the State of Ohio.  (Oliver

20   Decl. ¶ 4.)

21          15.    Trustaff's principal place of business is, and was at the time of that

22   Moppin filed this action, in the State of Ohio.  (Oliver Decl. ¶¶ 5-8.)  Trustaff's

23   headquarters is, and was at the time that Moppin filed this action, in Blue Ash,

24   Ohio.  (Oliver Decl. ¶ 5.)  Trustaff's Ohio headquarters serves as its "actual center

25   of direction, control, and coordination."  (Oliver Decl. ¶¶ 5-6.)  Trustaff holds the

26   Ohio office out to the public as its headquarters.  (Oliver Decl. ¶ 7.)  Trustaff's

27   _____

28   [3] In any event, Moppin defines the putative class members to be "California
     citizens."  (Complaint ¶ 24.)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 84234632.4

5

DEFENDANT TRUSTAFF'S
NOTICE OF REMOVAL

1  high-level corporate officers are based in Ohio, and Trustaff conducts the business
2  of managing the company from Ohio.  (Oliver Decl. ¶ 6.)  Trustaff's corporate level
3  functions are performed in the Ohio office, and the majority of executive and
4  administrative functions, including corporate finance, accounting, human resources,
5  marketing, and legal, are directed from that office.  (Oliver Decl. ¶¶ 6, 8.)

6      16.    Thus, for purposes of diversity jurisdiction in this matter, Trustaff is a
7  citizen of Ohio, and not of California.

8          **3.    The Citizenship Of The "Doe" Defendants Must Be Disregarded**

9      17.    The Complaint also names as defendants "Does 1 through 50."
10  (Complaint ¶ 10.)  The citizenship of fictitious "Doe" defendants, however, is
11  disregarded for removal purposes.  28 U.S.C. Section 1441(a); *see also Soliman v.*
12  *Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002).

13      **B.    More Than 100 Individuals Are Putative Class Members**

14      18.    Moppin describes the putative class to be non-exempt California
15  employees who worked for Defendants since May 27, 2011.  (Complaint ¶¶ 3, 24.)
16  Trustaff has employed well over 100 non-exempt employees in California during
17  that time, including 769 just since May 27, 2014.  (Ganster Decl. ¶ 6.)

18      **C.    The Amount In Controversy Exceeds CAFA's Jurisdictional Minimum Of $5 Million**

19      19.    Pursuant to CAFA, the amount in controversy component of diversity
20  jurisdiction is satisfied when the aggregated claims of the individual members in a
21  putative class action exceed the sum or value of $5 million, exclusive of interest
22  and costs.  *See* 28 U.S.C. Section 1332(d)(2), (d)(6).  Furthermore, Congress
23  intended for federal jurisdiction to be appropriate under CAFA "if the value of the
24  matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or
25  the viewpoint of the defendant, and regardless of the type of relief sought (e.g.,
26  damages, injunctive relief, or declaratory relief)."  Senate Judiciary Report, S. REP.
27  109-14, at 42.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 84234632.4

6

DEFENDANT TRUSTAFF'S
NOTICE OF REMOVAL

20.    Where, as here, a plaintiff does not expressly plead a specific amount of damages, a defendant need only make a *prima facie* showing that it is more likely than not that the amount in controversy exceeds $5 million. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (applying the preponderance of evidence standard to complaints filed under CAFA that do not specify a particular amount in controversy); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn*, 536 F. Supp. 2d at 1204-05.

21.    In cases where statutory penalties are sought, "district courts in . . . the Central District of California have looked to the statutory maximum . . . in determining whether the jurisdictional requirements of the CAFA have been met." *Id.* at 1205. In putative class actions seeking wage statement penalties and/or waiting time penalties under California labor law, the amount in controversy for purposes of CAFA may be calculated by reference to the plaintiff's allegations and "defendant's own numbers." *Rippee*, 408 F. Supp. 2d at 985-86 (finding that the amount of waiting time penalties at issue could be "calculated by multiplying the number of former employees in the proposed class by thirty days' wages [which could] be calculated by multiplying the average number of hours worked by the average rate of pay"); *see also Korn*, 536 F. Supp. 2d at 1206 (finding that the defendant could establish CAFA's jurisdictional minimum by demonstrating that there were more than 5,000 putative class claims since the statutory maximum penalty for the plaintiff's claims was $1,000).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 84234632.4

7

DEFENDANT TRUSTAFF'S
NOTICE OF REMOVAL

22.     Here, while Trustaff denies Moppin's factual allegations and denies that she or the putative class that she purports to represent is entitled to the relief for which she has prayed,[4] it is clear that when the maximum potential values of the claims of Moppin and the putative class members are aggregated, the allegations within Moppin's Complaint "more likely than not" put into controversy an amount well in excess of $5 million.

1.     **Moppin's Claim For Inaccurate Wage Statement Penalties Places $1,341,250 In Controversy**

23.     In her Fifth Cause of Action, Moppin alleges that Trustaff failed to provide her and other putative class members with accurate wage statements as required by California Labor Code Section 226.  (Complaint ¶¶ 75-86.) Specifically, Moppin alleges:

> At all times herein, Defendants intentionally and willfully failed to furnish Plaintiff and the class members with wage statements that accurately list the gross wages earned, total hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

(Complaint ¶ 77.)

24.     Under California Labor Code Section 226(e), an injured employee can recover actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, up to an aggregate penalty of $4,000, for a knowing and intentional violation.  Cal. Lab.

---

[4] This Notice of Removal discusses the nature and amount of penalties placed at issue by Moppin's Complaint.  Trustaff's reference to specific penalty amounts and citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Trustaff maintains that each of Moppin's claims is without merit and that Trustaff is not liable to Moppin.  Trustaff specifically denies that Moppin has suffered any damage as a result of any act or omission by Trustaff.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Moppin will or could actually recover any penalties or damages based upon the allegations contained in the Complaint or otherwise.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 84234632.4

8

DEFENDANT TRUSTAFF'S
NOTICE OF REMOVAL

1  Code Section 226(e).

2      25.    There is a one-year statute of limitations on claims for wage statement

3  penalties.  Cal. Civ. Proc. Code Section 340(a).

4      26.    Trustaff has 94 non-exempt employees in California who were

5  employed for at least 41 pay periods since May 27, 2014.  Their potential penalties

6  for inaccurate wage statements is the statutory maximum of $4,000 each, for a total

7  of $376,000.  Trustaff has 675 non-exempt employees in California who were

8  employed for at least 1, but less than 41, pay periods since May 27, 2014, and those

9  employees were employed for a total of 9,990 payroll periods since May 27, 2014.

10  (Ganster Decl. ¶ 5.)  Their potential penalties for inaccurate wage statements are

11  $50 each for their initial pay periods for a sub-total of $33,750 (675 x $50), and

12  $100 each for their subsequent pay periods for a sub-total of $931,500 (9,315 x

13  $100), which totals $965,250.  Consequently, the grand total of these potential

14  penalties is $1,341,250.

### 2.   Moppin's Claim for Waiting Time Penalties Places $3,806,208 In Controversy

15

16      27.    In her Sixth Cause of Action, Moppin alleges: "Defendants had a

17  consistent and uniform policy, practice and procedure of willfully failing to pay the

18  earned wages of Defendants' former employees…."  (Complaint ¶ 89.)

19      28.    California Labor Code Section 203 provides that employees who are

20  not timely paid all wages due upon employment termination are entitled to a day's

21  pay as a penalty for each day that the wages remain unpaid up to a maximum of 30

22  days' pay.  Cal. Lab. Code Section 203.

23      29.    There is a three-year statute of limitations on claims for waiting time

24  penalties.  Cal. Lab. Code Section 203.

25      30.    The employment of 885 non-exempt Trustaff employees in California

26  terminated between May 27, 2012 and May 27, 2015.  (Ganster Decl. ¶ 7.)  The

27  average base hourly rate of pay for those 885 non-exempt employees in California

28

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
Irvine

DB1/ 84234632.4

9

DEFENDANT TRUSTAFF'S
NOTICE OF REMOVAL

at the time of their termination is $17.92. (*Id.*)  Those employees routinely worked at least eight hours per day. (*Id.*)  Consequently, their potential waiting time penalties is $3,806,208 (885 x $17.92/hour x 8 hours/day x 30 days).

### 3. Moppin's Claim for PAGA Penalties Places $2,824,700 In Controversy

31.     In her Seventh Cause of Action, Moppin seeks to recover PAGA penalties under California Labor Code Section 2699. (Complaint ¶¶ 93-103.)

32.     Under California Labor Code Section 2699(f)(2), the PAGA penalties are $100 for a violation in each aggrieved employee's initial pay period, and $200 for a violation in each aggrieved employee's subsequent pay periods.

33.     There is a one-year statute of limitations on claims for PAGA penalties.  Cal. Civ. Proc. Code Section 340(a).

34.     Trustaff has employed 769 non-exempt employees in California since May 27, 2014, and those employees were employed for a total of 14,508 pay periods since May 27, 2014.  (Ganster Decl. ¶ 6.)  Their potential PAGA penalties are $100 each for the first pay period for a sub-total of $76,900 (769 x $100), and $200 each for their subsequent pay periods for a sub-total of $2,747,800 (13,739 x 200), for a total of $2,824,700.

### 4. Moppin's Complaint Also Asserts Five Non-Penalty Claims

35.     In her First and Second Causes of Action, Moppin alleges failure to pay reporting time and overtime, respectively.  In her Third and Fourth Causes of Action, Moppin alleges failure to provide meal periods and rest periods, respectively.  In her Eighth Cause of Action, Moppin seeks restitution for unfair business practices.

### 5. Moppin's Complaint Also Seeks Recovery Of Attorneys' Fees

36.     "Where a statutory authority provides for attorneys' fees, the fees are included in the amount in controversy to reach CAFA's $5,000,000." *Chambers v. CVS Pharmacy, Inc.*, No. 09cv0419, 2009 WL 2579661, at *2 (S.D. Cal.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 84234632.4

10

DEFENDANT TRUSTAFF'S
NOTICE OF REMOVAL

## IV.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

39.   As set forth above, this Notice of Removal is filed within 30 days of service of the Complaint upon Trustaff.

40.   This action was originally filed in the California Superior Court for the County of Ventura.  Venue is therefore proper in United States District Court for the Central District of California pursuant to 28 U.S.C. Section 1441(a), because this District encompasses the county in which this action has been pending since its inception.

41.   Trustaff will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. Section 1446(d).

42.   Moppin filed her Complaint on May 27, 2015.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.  True and correct copies of the Summons, Civil Case Cover Sheet, Notices, and Minute Order which Moppin served on Trustaff are attached as **Exhibit B**.  A true and correct copy of the confirmation of service of the Complaint in Exhibit A and the documents in Exhibit B by Moppin on Trustaff's registered agent for service of process is attached as **Exhibit C**.  On July 30, 2015, Trustaff filed an Answer to the Complaint.  A true and correct copy of Trustaff's Answer is attached as **Exhibit D**.  No other documents have been filed by or served upon Trustaff.  Consequently, as required by 28 U.S.C. Section 1446(a), the documents attached as Exhibits A through D constitute all of the process, pleadings, and orders served on or filed by Trustaff in this action.

43.   The prerequisites for removal under 28 U.S.C. Sections 1441, 1446, and 1453 have been met.

44.   Because this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1332(d), removal of this action is proper pursuant to 28 U.S.C.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Irvine

DB1/ 84234632.4

12

DEFENDANT TRUSTAFF'S
NOTICE OF REMOVAL

1    Sections 1441, 1446, and 1453.

2        45.    If any questions arise as to the propriety of the removal of this action,

3    then Trustaff respectfully requests the opportunity to present a brief and oral

4    argument in support of its position that this case is removable.

5    **V.    CONCLUSION**

6        Based on the foregoing, Trustaff respectfully requests that this action be

7    removed from the Superior Court of California in and for the County of Ventura to

8    the United States District Court for the Central District of California, and that all

9    further proceedings in this matter take place in the United States District Court for

10   the Central District of California.

11   Dated:    July 31, 2015                    MORGAN, LEWIS & BOCKIUS LLP
                                                Daryl S. Landy
12                                              Christopher M. Robertson
                                                Sarah N. Drechsler
13

14

15                                             By   /s/ Daryl S. Landy
                                                   Daryl S. Landy
16                                                 Attorneys for Defendant
                                                   TRUSTAFF TRAVEL NURSES,
17                                                 LLC

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/ 84234632.4                                13                    DEFENDANT TRUSTAFF'S
                                                                    NOTICE OF REMOVAL

1

## PROOF OF SERVICE

2        I am a resident of the State of California, County of Orange; I am over the
age of eighteen years and not a party to the within action; my business address is 5
3    Park Plaza, Suite 1750, Irvine, California  92614.

4        On July 31, 2015, I served on the interested parties in this action the within
document(s):

5

6    **DEFENDANT TRUSTAFF TRAVEL NURSES, LLC'S NOTICE OF
REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA**

7

8    [   ]    **BY FAX:  (C.C.P. § 1013(a),(e); CRC 2008)  -** by transmitting via
electronic facsimile the document(s) listed above to the fax number(s)
9    set forth below on this date before 5:00 p.m.; I also caused the fax
machine to print such record(s) of the transmission.

10

11   [   ]    **BY MAIL:  (C.C.P. § 1013(a))  -** by placing the document(s) listed
above in a sealed envelope with postage thereon fully prepaid, in the
12   United States mail at Irvine, California addressed as set forth below.  I
am readily familiar with the firm's practice of collection and processing
13   correspondence for mailing.  Under that practice it would be deposited
with the U.S. Postal Service on that same day with postage thereon
14   fully prepaid in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal
15   cancellation date or postage meter date is more than one day after date
of deposit for mailing in affidavit.

16

17   [   ]    **BY HAND DELIVERY -** By **MESSENGER,** by causing the
document(s) listed above to be personally delivered at to the person(s)
18   at the address(es) set forth below.

19

20   [ X ]    **BY OVERNIGHT MAIL (C.C.P. § 1013(c)) -** By **OVERNIGHT
DELIVERY,** following ordinary business practices for collection and
21   processing of correspondence with said overnight mail service, and
said envelope(s) will be deposited with said overnight mail service on
said date in the ordinary course of business.

22

23   [   ]    **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By
placing true copy(ies) thereof in sealed envelope(s) with Certified
24   Mail, Return Receipt Requested, postage thereon fully prepaid and by
causing such envelope(s) to be deposited in the mail at 5 Park Plaza,
25   Suite 1750, Irvine, California 92614.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

[  ]   **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically THROUGH E-FILE with the document(s) listed above by e-mailed PDF files on July 31, 2015. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is chachiya@morganlewis.com.

Raymond P. Boucher                                  *Attorney for Plaintiff*
Shehnaz M. Bhujwala
Brandon K. Brouillette
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, CA 91367-4903
Tel: 818.340.5400
Fax: 818.340.5401
ray@boucher.la
bhujwala@boucher.la
brouillette@boucher.la

Richard J. Simmons                                  *Attorney for Defendant Los Robles*
Jason Kearnaghan                                    *Regional Medical Center*
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Tel: 213.620.1780
Fax: 213.620.1398
RSimmons@sheppardmullin.com

[  ]   **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ]  **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on July 31, 2015, at Irvine, California.

_____
Cindy J. Hachiya

15                                                                    PROOF OF SERVICE