# EXHIBIT A

1   Raymond P. Boucher, State Bar No. 115364
    *ray@boucher.la*
2   Shehnaz M. Bhujwala, State Bar No. 223484
    *bhujwala@boucher.la*
3   Brandon K. Brouillette, State Bar No. 273156
    *brouillette@boucher.la*
4   BOUCHER LLP
    21600 Oxnard Street, Suite 600
5   Woodland Hills, California 91367-4903
    Tel:    (818) 340-5400
6   Fax:    (818) 340-5401

7   SAHAG MAJARIAN II, State Bar Number 146621
    *sahagii@aol.com*
8   LAW OFFICES OF SAHAG MAJARIAN II
    18250 Ventura Boulevard
9   Tarzana, California 91356
    Tel:    (818) 609-0807
10  Fax:    (818) 609-0892

11  *Attorneys for Plaintiff Andrea Moppin*

VENTURA
SUPERIOR COURT
FILED

MAY 27 2015

MICHAEL D. PLANET
Executive Officer and Clerk

BY:_____,Deputy

12          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                    **COUNTY OF VENTURA**

14  ANDREA MOPPIN, Individually, and on
    Behalf of All Others Similarly Situated,

15

16                Plaintiff,

17          v.

18  LOS ROBLES REGIONAL MEDICAL
    CENTER (d/b/a "Los Robles Hospital and
19  Medical Center"), a California Corporation;
    TRUSTAFF TRAVEL NURSES, LLC, an
20  Ohio Limited Liability Company; and DOES 1
    through 50, Inclusive,

21

22                Defendants.

| | |
|---|---|
| Case No.   56-2015-00467978-CU-OE-VTA | |

<u>CLASS ACTION</u>

**CLASS ACTION COMPLAINT**

1.  **Failure To Provide Reporting Time Pay**
    **[Lab. Code §§ 218 And 1198]**
2.  **Failure To Pay Overtime Wages At The**
    **Appropriate Rate [Lab. Code §§ 510**
    **And 1194];**
3.  **Failure To Provide Meal Periods [Lab.**
    **Code §§ 226.7 And 512];**
4.  **Failure To Authorize And Permit Rest**
    **Periods [Lab. Code § 226.7];**
5.  **Failure To Furnish Complete And**
    **Accurate Wage Statements [Lab. Code §**
    **226(A)];**
6.  **Failure To Timely Pay Wages Upon**
    **Termination Or Resignation [Lab. Code**
    **§§ 201, 202, And 203];**
7.  **Violation Of The Private Attorneys**
    **General Act Of 2004 ("PAGA") [Lab.**
    **Code § 2699];**
8.  **Unfair Business Practices [Bus. & Prof.**
    **Code §§ 17200 *Et Seq*.]**

**DEMAND FOR JURY TRIAL**

00033029.3

CLASS ACTION COMPLAINT

1    Plaintiff ANDREA MOPPIN, an individual, on behalf of herself and all others similarly

2   situated as defined below ("Plaintiff"), hereby alleges the following facts and claims against

3   defendant LOS ROBLES REGIONAL MEDICAL CENTER (d/b/a Los Robles Hospital and

4   Medical Center), a California corporation, TRUSTAFF TRAVEL NURSES, LLC, an Ohio limited

5   liability company, and DOES 1 through 50, inclusive ("Defendants") and respectfully requests a

6   trial by jury of all issues and causes of action so triable:

7                          I. **INTRODUCTION**

8       1.     This class action complaint challenges Defendants' past and ongoing unlawful

9   employment practices and policies on behalf of Plaintiff and certain current and former non-

10  exempt employees of Defendants in California, whose rights Defendants violated and continue to

11  violate under California laws. This class action complaint also seeks the recovery of penalties

12  pursuant to the Private Attorney General Act of 2004 ("PAGA"), Labor Code section 2698, *et*

13  *seq.*, which permits Plaintiff as an "aggrieved employee" to bring a lawsuit on behalf of herself

14  and other current and former employees to recover civil penalties for Defendants' violations of

15  California's Labor Code.

16      2.     Specifically, with regard to Plaintiff and certain current and former non-exempt

17  employees, Defendants have uniformly and systematically:

18           a.   Failed and continue to fail to pay wages for all reporting time in violation of

19                Labor Code sections 218 and 1198 and Section 5 of the IWC Wage Order(s);

20           b.   Failed and continue to fail to pay overtime wages at the appropriate rate in

21                violation of Labor Code sections 510 and 1194 and Section 3 of the IWC Wage

22                Order(s);

23           c.   Failed and continue to fail to provide meal periods in violation of Labor Code

24                sections 226.7 and 512 and Section 11 of the IWC Wage Order(s);

25           d.   Failed and continue to fail to authorize and permit all paid rest periods in

26                violation of Labor Code sections 226.7 and Section 12 of the IWC Wage

27                Order(s);

28           e.   Failed and continue to fail to timely furnish complete and accurate itemized

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

00033029.3

1

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

wage statements in violation of Labor Code section 226, subdivision (a), and Section 7 of the IWC Wage Order(s);

    f.   Committed and continue to commit unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

    g.   Incurred penalties by having violated and by continuing to violate of the Private Attorneys General Act of 2004 ("PAGA"), Labor Code sections 2698, *et seq.*; and,

    h.   With regard to former non-exempt employees only, willfully failed to pay, without abatement or reduction, all final wages owed in accordance with Labor Code sections 201 and 202, in violation of Labor Code section 203.

3.    The acts complained of herein occurred, occur and will occur, at least, in part, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter although this should not automatically be considered the statute of limitations for any cause of action herein.

4.    As a result of the foregoing, Plaintiff seeks monetary damages, penalties, including such penalties as may be recoverable for the alleged Labor Code violations pursuant to Labor Code section 2699.3(a), injunctive relief, restitution, reasonable attorneys' fees, costs, and interest.

## II. PARTIES

5.    Plaintiff ANDREA MOPPIN is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint a California citizen residing in Highland, San Bernardino County, California.

6.    Plaintiff worked for Defendants as an hourly-paid, non-exempt registered professional travel nurse at Los Robles Hospital and Medical Center, located at 215 West Janns Road, Thousand Oaks, Ventura County, California 91360, from approximately March 2014 to September 2014. At all times herein, Plaintiff was an "employee" as that term is used in the Labor Code and IWC Wage Orders regulating wages, hours, and working conditions.

7.    Plaintiff seeks the recovery alleged herein from Defendants because, at all times while working for Defendants in her capacity as a non-exempt employee, Defendants:

00033029.3

2

CLASS ACTION COMPLAINT

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

a.   Failed to provide reporting time pay in accordance Labor Code sections 218 and 1198 and Section 5 of the IWC Wage Order(s) on occasions where Plaintiff reported to work and was not put to work;

b.   Failed to pay overtime wages at the correct premium rate in violation of Labor Code sections 510 and 1194 and Section 3 of the IWC Wage Order(s);

c.   Failed to provide all meal periods in violation of Labor Code sections 226.7 and 512 and Section 11 of IWC Wage Order(s);

d.   Failed to authorize and permit all paid rest periods in violation of Labor Code section 226.7 and Section 12 of IWC Wage Order(s);

e.   Failed to timely furnish complete and accurate itemized wage statements in violation of Labor Code section 226, subdivision (a), and Section 7 of IWC Wage Order(s);

f.   Violated Labor Code section 203 by willfully failing to pay, without abatement or reduction, all final wages owed in accordance with Labor Code sections 201 and 202;

g.   Incurred penalties by having violated the Private Attorneys General Act of 2004 ("PAGA"), Labor Code section 2698, *et seq.*; and

h.   Conducted unfair business practices in violation of Business & Professions Code section 17200, *et seq.*

8.   Defendant LOS ROBLES REGIONAL MEDICAL CENTER (d/b/a Los Robles Hospital and Medical Center)("LOS ROBLES") is and at all relevant times herein was a California corporation organized and existing under the laws of California, with a principal place of business located at One Park Plaza, Nashville, Tennessee 37203. Defendant LOS ROBLES is the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in California, including the facility located at 215 West Janns Road, Thousand Oaks, Ventura County, California 91360. Defendant LOS ROBLES is an "employer" as the term is used in the Labor Code and IWC Wage Orders.

9.   Defendant TRUSTAFF TRAVEL NURSES, LLC ("TRUSTAFF") is and at all

relevant time herein was a Ohio limited liability company organized and existing under the laws of Ohio, with a principal place of business located at 4270 Glendale Milford Road, Cincinnati, Ohio 45242. Defendant TRUSTAFF is the owner and operator of an industry, business and/or facility doing business in California, including Ventura County. Defendant TRUSTAFF is an "employer" as the term is used in the Labor Code and IWC Wage Orders.

10.     The Defendants sued by the fictitious names DOES 1 through 50, inclusive, are on information and belief now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in California, including Ventura County, and each of the fictitiously named Defendants is responsible for the conduct alleged in this Complaint. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of DOES 1 through 50, inclusive and for that reason, DOES 1 through 50 are sued under such fictitious names pursuant to California Code of Civil Procedure ("Code of Civil Procedure") section 474. Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

11.     In this Complaint, Defendants LOS ROBLES, TRUSTAFF, and DOES 1 through 50, inclusive, are sometimes referred to individually as "Defendant" or by name or shortened name, and are sometimes referred to collectively as "Defendants" or "the Defendants."

12.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

13.     Defendants, and each of them, proximately subjected Plaintiff and members of the classes defined below to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

14.     Defendants, and each of them, are now and/or at all times mentioned herein were the agents, servants and/or employees of some or all other Defendants, or vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

15.     Defendants, and each of them, are now and/or at all times mentioned in this

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

00033029.3

4

CLASS ACTION COMPLAINT

Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

16.     Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

17.     Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

18.     Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

### III.  JURISDICTION AND VENUE

19.     The California Superior Court has jurisdiction in this matter pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." The statutes under which this action is brought do not specify any other specific basis for jurisdiction.

20.     The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

21.     The California Superior Court also has jurisdiction over Defendants because they are corporations and/or entities and/or persons with sufficient minimum contacts in California, are citizens of California, or otherwise intentionally availed themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

22.     Venue is proper in the Superior Court of California, County of Ventura pursuant to Code of Civil Procedure section 395(a) and Code of Civil Procedure section 395.5 in that liability arose there because at least some of the acts and omissions that are the subject matter of this

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1  Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts

2  business, exists, and/or has an agent therein.

3  ## IV. CLASS ACTION ALLEGATIONS

4      23.    Plaintiff brings this class action individually and on behalf of all others similarly

5  situated pursuant to Code of Civil Procedure section 382. This action may be brought and properly

6  maintained as a class action because Plaintiffs satisfy the numerosity, adequacy, typicality, and

7  commonality pre-requisites for suing as a representative party pursuant to Code of Civil Procedure

8  section 382.

9      24.    <u>Descriptions of the Classes</u>: The putative classes Plaintiff will seek to certify are

10  currently composed of and defined as follows:

      a.  All California citizens employed by Defendants as hourly-paid non-exempt
11

12            employees who, during the relevant statutory time period, were subject to

13            Defendants' policies and practices regarding reporting time (hereinafter, the

14            "Reporting Time Class");

15        b.  All California citizens employed by Defendants as hourly-paid non-exempt

16            employees who, during the relevant statutory time period, were subject to

17            Defendants' policies and practices regarding the payment of overtime wages

18            and were not paid the appropriate overtime pay rate (hereinafter, the "Overtime

19            Rate Class");

20        c.  All California citizens employed by Defendants as hourly-paid non-exempt

21            employees who, during the relevant statutory time period, were subject to

22            Defendants' policies and practices regarding meal periods (hereinafter, the

23            "Meal Period Class");

24        d.  All California citizens employed by Defendants as hourly-paid non-exempt

25            employees who, during the relevant statutory time period, were subject to

26            Defendants' policies and practices regarding rest periods (hereinafter, the "Rest

27            Period Class");

28        e.  All California citizens employed by Defendants as hourly-paid non-exempt

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1  employees who, during the relevant statutory time period, were subject to

2  Defendants' policies and practices regarding wage statements (hereinafter, the

3  "Wage Statement Class"); and

4       f.  All California citizens formerly employed by Defendants as hourly-paid non-

5  exempt employees who, during the relevant statutory time period, were subject

6  to Defendants' policies and practices regarding final pay (hereinafter, the "Final

7  Pay Class").

8       25.  Each of the aforementioned classes, including the Reporting Time Class, the

9  Overtime Rate Class, the Meal Period Class, the Rest Period Class, the Wage Statement Class, and

10  the Final Pay Class are referred to collectively herein as "the Classes."

11       26.  As a consequence of obtaining information and documents through discovery in

12  this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of each

13  class and/or the Classes and/or add additional classes and/or subclasses. Plaintiff will formally

14  define and designate a class definition(s) at such time when Plaintiff seeks to certify the Classes

15  alleged herein.

16       27.  Numerosity: The potential number of members in each class is so numerous that

17  joinder of all members is unfeasible and impractical. The exact quantity of members in each class

18  and the identity of all members in each class is readily ascertainable via inspection of Defendants'

19  records.

20       28.  Well-defined Community of Interest: Plaintiff also meets the established standards

21  for class certification, as follows:

22       a.  Typicality: The claims of Plaintiff are typical of the claims of all members of

23  each class she seeks to represent because all members of each class sustained

24  injuries and damages arising out of Defendants' common course of conduct in

25  violation of law and the injuries and damages of all members of each class were

26  caused by Defendants' wrongful conduct in violation of law, as alleged herein.

27       b.  Adequacy: Plaintiff is an adequate representative of each class she seeks to

28  represent and will fairly protect the interests of the members of each class.

00033029.3

7

CLASS ACTION COMPLAINT

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

Plaintiff has no interest antagonistic to the Classes and will vigorously pursue favorable resolution this suit on behalf of herself and members of each class via attorneys who are competent, skilled and experienced in litigating class actions.

c.  Predominant Common Questions of Law and/or Fact: There are common questions of law and/or fact as to the Classes that predominate over questions affecting only individual members of the Classes, including, without limitation:

i)   Whether Defendants failed and continue to fail to provide all reporting time pay in violation of Labor Code sections 218, and 1198 and the IWC Wage Order(s);

ii)  Whether Defendants failed and continue to fail to pay the correct overtime rate in violation of Labor Code sections 510 and 1195 and the IWC Wage Order(s);

iii) Whether Defendants failed and continue to fail to provide all meal periods in violation of Labor Code sections 226.7 and 512 and the IWC Wage Order(s);

iv)  Whether Defendants failed and continue to fail to authorize and permit all paid rest periods in violation of Labor Code sections 226.7 and the IWC Wage Order(s);

v)   Whether Defendants failed and continue to fail to timely furnish complete and accurate itemized wage statements in violation of Labor Code section 226, subdivision (a);

vi)  Whether Defendants' conduct constitutes unfair competition within the meaning of Business & Professions Code section 17200, et seq.;

vii) With regard to Defendants' former non-exempt employees, whether Defendants have violated Labor Code section 203 by willfully failing to pay, without abatement or reduction, all final wages owed in accordance with Labor Code sections 201, 201.3,

00033029.3

8

CLASS ACTION COMPLAINT

201.5, 202, and 205.5;

    viii)    Whether members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

    ix)    Whether members of the Classes are entitled to injunctive relief;

    x)    Whether members of the Classes are entitled to restitution; and

    xi)    Whether Defendants are liable for attorneys' fees and costs.

29.    Superiority: The nature of this action and the nature of the laws available to Plaintiff and members of the Classes is such that a class action is not only superior to other methods, but also particularly efficient and appropriate to afford relief to Plaintiff and members of the Classes for the wrongs alleged herein, as follows:

    a.    By establishing a technique whereby claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would not otherwise be too small to warrant individual litigation;

    b.    This case involves large corporate Defendants and a large number of individuals with many relatively small claims and common issues of law and fact;

    c.    If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

    d.    Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by individual members of the Classes, who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

e. Proof of a common business practice or factual pattern, of which members of the Classes experienced, is representative of the Classes herein and will establish the right of each member of the Classes to recover on the causes of action alleged herein.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE REPORTING TIME PAY

(By Plaintiff, individually, and on behalf of the Reporting Time Class)

30. Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

31. Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

32. Section 5(A) of the IWC Wage Order(s) provides that "Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

33. On one or more occasions, Plaintiff and members of the Reporting Time Class were required to report for work, did report, but either were not put to work or were furnished with less than half of their usual or scheduled day's work, and were not compensated at their regular rate of pay in accordance with Section 5(A) of the IWC Wage Orders.

34. Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code section 218, to recovery by Plaintiff and members of the Reporting Time Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at the appropriate rate.

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

00033029.3

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

35.   Pursuant to Labor Code section 218.6 and Civil Code section 3287, Plaintiff, individually, and on behalf of members of the Reporting Time Class, seeks recovery of pre-judgment interest on all amounts recovered herein.

36.   Pursuant to Labor Code section 218.5, Plaintiff, individually, and on behalf of members of the Reporting Time Class, requests that the Court award reasonable attorneys' fees and costs incurred in this action.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES AT THE APPROPRIATE RATE

(By Plaintiff individually, and on behalf of the Overtime Class, against Defendants)

37.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

38.   Pursuant to Labor Code section 204, employees in California have the fundamental right to be paid wages in a timely fashion for their work, including overtime.

39.   Labor Code section 510, subdivision (a), provides: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

40.   An employee's "regular rate of pay" includes "all [applicable] remuneration paid to, or on behalf of the employee." See, e.g., 29 U.S.C. § 207(3). The California Industrial Welfare Commission applies this standard for determining an employee's regular rate of pay for overtime calculation purposes.

41.   Labor Code section 1194, subdivision (a), provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

42.   Plaintiff and members of the Overtime Rate Class routinely worked more than

00033029.3

11

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1  eight hours per day for which they were paid overtime compensation, however Defendants failed

2  to include all applicable remuneration paid to Plaintiff and members of the Overtime Rate Class in

3  calculating their overtime rate, including all *per diem* pay and all non-discretionary bonuses.

4       43.   As a result, Defendants, as a matter of established company policy and procedure,

5  consistently:

6      a.   Administered a uniform company policy and practice regarding the payment of

7         wages, including overtime, to the members of the Overtime Rate Class;

8      b.   Scheduled and/or required the members of the Overtime Rate Class to work in

9         excess of eight (8) hours per workday and/or in excess of forty (40) hours per

10        workweek;

11     c.   Paid the members of the Overtime Rate Class overtime pay for work in excess

12        of eight hours (8) per workday and/or in excess of forty (40) hours per

13        workweek;

14     d.   Did not calculate overtime pay using all applicable hours (including but not

15        limited to per diem hours) and/or rates of pay (including but not limited to per

16        diem rate) and/or all non-discretionary bonuses; and

17     e.   As such, failed to pay the members of the Overtime Rate Class for all work

18        accomplished in excess of forty (40) hours per week at the appropriate overtime

19        rate reflecting all applicable forms of remuneration, as required by law.

20      44.   Defendants' pattern, practice and uniform administration of corporate policy

21 regarding illegal employee compensation as described herein is unlawful and creates an

22 entitlement, pursuant to Labor Code sections 218 and 1194, subdivision (a), to recovery by

23 Plaintiff and members of the Overtime Rate Class, in a civil action, of the unpaid balance of the

24 full amount of wages owing, calculated at the appropriate rate.

25      45.   Pursuant to Labor Code sections 218.6 and 1194, subdivision (a), and Civil Code

26 section 3287, Plaintiff, individually, and on behalf of members of the Overtime Rate Class, seeks

27 recovery of pre-judgment interest on all amounts recovered herein.

28      46.   Pursuant to Labor Code section 218.5 and/or Labor Code section 1194, Plaintiff,

00033029.3

12

CLASS ACTION COMPLAINT

1   individually, and on behalf of members of the Overtime Rate Class, requests that the Court award

2   reasonable attorneys' fees and costs incurred in this action.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ALL MEAL PERIODS

(By Plaintiff individually, and on behalf of the Meal Period Class, against Defendants)

47.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

48.     Labor Code section 226.7, subdivision (b), provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

49.     Labor Code section 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

50.     Labor Code section 516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

51.     Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1   when the nature of the work prevents an employee from being relieved of all duty and when by

2   written agreement between the parties an on-the-job paid meal period is agreed to. The written

3   agreement shall state that the employee may, in writing, revoke the agreement at any time."

4         52.    Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to

5   provide an employee a meal period in accordance with the applicable provisions of this order, the

6   employer shall pay the employee one (1) hour of pay at the employee's regular rate of

7   compensation for each workday that the meal period is not provided."

8         53.    On one or more occasions, Plaintiff and members of the Meal Period Class worked

9   over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30)

10   minutes prior to exceeding five (5) hours of employment.

11         54.    Further, on one or more occasions, Plaintiff and members of the Meal Period Class

12   worked over ten (10) hours per shift and therefore were entitled to a second meal period of not less

13   than 30 minutes.

14         55.    Plaintiff and members of the Meal Period Class did not validly or legally waive

15   their meal periods, by mutual consent with Defendants or otherwise.

16         56.    Plaintiff and members of the Meal Period Class did not enter into any written

17   agreement with Defendants agreeing to an on-the-job paid meal period.

18         57.    As a matter of Defendants' established company policy, Defendants failed to

19   always comply with the meal period requirements established by Labor Code sections 226.7, 512,

20   and 516, and Section 11 of the IWC Wage(s) by failing to always provide Plaintiff and members

21   of the Meal Period Class with a first and a second legally compliant meal period.

22         58.    Section 11(B) of the IWC Wage Order(s) and Labor Code section 226.7,

23   subdivision (c), provides that "If an employer fails to provide an employee a meal or rest or

24   recovery period in accordance with a state law, including, but not limited to, an applicable statute

25   or applicable regulation, standard, or order of the Industrial Welfare Commission, the

26   Occupational Safety and Health Standards Board, or the Division of Occupational Safety and

27   Health, the employer shall pay the employee one additional hour of pay at the employee's regular

28   rate of compensation for each workday that the meal or rest or recovery period is not provided."

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

00033029.3

14

CLASS ACTION COMPLAINT

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

59.     As a matter of Defendants' established company policy, Defendants failed to always comply with the requirements of Section 11(B) of the IWC Wage Order(s) and Labor Code section 226.7, subdivision (c), by failing to pay Plaintiff and members of the Meal Period Class one additional hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided.

60.     Therefore, Plaintiff and members of the Meal Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the meal period was not provided, in a sum to be proven at trial.

61.     Pursuant to Labor Code section 218.6 and Civil Code section 3287, Plaintiff, individually, and on behalf of members of the Meal Period Class, seeks recovery of pre-judgment interest on all amounts recovered herein.

62.     Pursuant to Labor Code section 218.5, Plaintiff, individually, and on behalf of members of the Meal Period Class, requests that the Court award reasonable attorneys' fees and costs incurred in this action.

## FOURTH CAUSE OF ACTION

## FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS

(By Plaintiff individually, and on behalf of the Rest Period Class, against Defendants)

63.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

64.     Labor Code section 226.7, subdivision (b), provides that "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

65.     Labor Code section 516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of

00033029.3

15

CLASS ACTION COMPLAINT

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1    rest for any workers in California consistent with the health and welfare of those workers."

2       66.     Section 12(A) of the IWC Wage Order(s) provides that "Every employer shall

3    authorize and permit all employees to take rest periods, which insofar as practicable shall be in the

4    middle of each work period. The authorized rest period time shall be based on the total hours

5    worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction

6    thereof. However, a rest period need not be authorized for employees whose total daily work time

7    is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours

8    worked for which there shall be no deduction from wages."

9       67.     Section 12(B) of the IWC Wage Order(s) provides that "If an employer fails to

10   provide an employee a rest period in accordance with the applicable provisions of this order, the

11   employer shall pay the employee one (1) hour of pay at the employee's regular rate of

12   compensation for each workday that the rest period is not provided."

13      68.     Plaintiff and members of the Rest Period Class often worked over four (4) hours

14   per shift and therefore were entitled to a rest period of not less than ten (10) minutes prior to

15   exceeding four (4) hours of employment.

16      69.     As a matter of Defendants' established company policy, Defendants failed to

17   always authorize and permit the required rest periods established by Labor Code section 226.7 and

18   Labor Code section 516 and Section 12 of the IWC Wage Order(s).

19      70.     Section 12 of the IWC Wage Order(s) and Labor Code section 226.7, subdivision

20   (b), provides that "If an employer fails to provide an employee a meal or rest or recovery period in

21   accordance with a state law, including, but not limited to, an applicable statute or applicable

22   regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and

23   Health Standards Board, or the Division of Occupational Safety and Health, the employer shall

24   pay the employee one additional hour of pay at the employee's regular rate of compensation for

25   each workday that the meal or rest or recovery period is not provided."

26      71.     As a matter of Defendants' established company policy, Defendants failed to

27   always comply with the requirements of Section 12(B) of the IWC Wage Order(s) and Labor Code

28   section 226.7, subdivision (c), by failing to pay Plaintiff and members of the Meal Period Class

00033029.3

one additional hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided.

72.     Therefore, pursuant to Section 12 of the IWC Wage Order(s) and Labor Code section 226.7, Plaintiff and members of the Rest Period Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the rest period was not so provided.

73.     Pursuant to Labor Code section 218.6 and Civil Code section 3287, Plaintiff, individually, and on behalf of the Rest Period Class, seeks recovery of pre-judgment interest on all amounts recovered herein.

74.     Pursuant to Labor Code section 218.5,  Plaintiff, individually, and on behalf of the Rest Period Class, requests that the Court award reasonable attorneys' fees and costs incurred in this action.

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY FURNISH COMPLETE AND ACCURATE ITEMIZED WAGE STATEMENTS

(By Plaintiff individually, and on behalf the Wage Statement Class, against Defendants)

75.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

76.     Labor Code section 226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid… (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

00033029.3

17

1  defined in [Labor Code] Section 201.3, the rate of pay and the total hours worked for each

2  temporary services assignment."

3      77.    At all times herein, Defendants intentionally and willfully failed to furnish Plaintiff

4  and the class members with wage statements that accurately list the gross wages earned, total

5  hours worked, all deductions made, net wages earned, and all applicable hourly rates in effect

6  during each pay period and the corresponding number of hours worked at each hourly rate.

7      78.    Since July 1, 2013, Defendants have intentionally and willfully failed to furnish the

8  rate of pay and the total hours worked for each temporary services assignment.

9      79.    Defendants' wage statements were rendered inaccurate as a consequence of, among

10  other things, (a) Defendants' established policy and/or practice of failing to provide reporting time

11  pay, (b) Defendants' established policy and/or practice of failing to pay overtime wages at the

12  appropriate rate, (c) Defendants' established policy and/or practice of failing to provide all meal

13  periods, (d) Defendants' established policy and/or practice of failing to authorize and permit all

14  rest periods.

15      80.    As of January 1, 2013, SB 1255 amended Labor Code section 226 to clarify that an

16  employee suffers injury if the employer fails to provide accurate and complete information as

17  required by any one or more items listed in Labor Code section 226(a)(1)-(9) and the employee

18  cannot promptly and easily ascertain requisite information without reference to other documents or

19  information.

20      81.    Here, Plaintiff and members of the Wage Statement Class suffered injury because

21  Defendants failed to provide accurate and complete information as required by one or more items

22  listed in Labor Code section 226(a)(1)-(9) and Plaintiff and members of the Wage Statement Class

23  could not and cannot promptly and easily ascertain requisite information without reference to

24  other documents or information.

25      82.    In addition, Plaintiff and members of the Wage Statement Class have suffered

26  injury as a result of Defendants' failure to maintain accurate records in that Plaintiff and members

27  of the Wage Statement Class were not timely provided written accurate itemized statements

28  showing all requisite information, including but not limited to total hours worked by the

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

00033029.3

18

employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of Labor Code section 226 and Section 7, subdivision (A), of the IWC Wage Order(s), such that Plaintiff and members of the Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

83.     The actual injuries suffered by Plaintiff and members of the Wage Statement Class as a result of Defendants' knowing and intentional failure to maintain accurate records include but are not limited to:

    a.   Confusion over whether they received all wages owed them by Defendants;

    b.   The difficulty and expense of attempting to reconstruct time and pay records;

    c.   Being forced to engage in mathematical computations to analyze whether Defendants' wages in fact compensated for all hours worked;

    d.   The inability to accurately calculate wage rates complicated by the fact that wage statement information required by Labor Code section 226 is missing;

    e.   That such practice prevents Plaintiff and members of the Wage Statement Class from being able to effectively challenge information on their wage statements; and/or

    f.   The difficulty and expense of filing and maintaining this lawsuit, and the discovery required to collect and analyze the very information that California law requires.

84.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and members of the Wage Statement Class are entitled to fifty dollars ($50.00) per individual employee for the initial pay period in which a violation hereunder occurred and one hundred dollars ($100.00) per individual employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00) per individual employee.

85.     Pursuant to Labor Code section 226, subdivision (g), currently-employed members

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

00033029.3

19

CLASS ACTION COMPLAINT

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1  of the Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance

2  with Labor Code section 226.

3    86.    Pursuant to Labor Code section 226, subdivisions (e) and/or (g), Plaintiff and

4  members of the Wage Statement Class are also entitled to an award of costs and reasonable

5  attorneys' fees.

6                    **SIXTH CAUSE OF ACTION**

7              **VIOLATIONS OF LABOR CODE § 203**

8    (By Plaintiff individually, and on behalf of the Final Pay Class, against Defendants)

9    87.    Plaintiff incorporates by reference and realleges each and every one of the

10  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

11  forth herein.

12    88.    Labor Code section 203 provides that if an employer willfully fails to pay, without

13  abatement or reduction, in accordance with Labor Code sections 201 and 202, any wages of an

14  employee who is discharged or who quits, the wages of the employee shall continue at the same

15  rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is

16  commenced.

17    89.    Defendants had a consistent and uniform policy, practice and procedure of willfully

18  failing to pay the earned wages of Defendants' former employees according to amendment or

19  proof.

20    90.    Defendants willfully failed to pay Plaintiff and members of the Final Pay Class that

21  are former employees their entire wages due and owing at the time of their termination or within

22  seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days

23  thereafter.

24    91.    Defendants' willful failure to pay wages to Plaintiff and members of the Final Pay

25  Class violates Labor Code section 203 because Defendants knew or should have known such

26  wages were due, but Defendants failed to pay them.

27    92.    Thus, Plaintiff and members of the Final Pay Class are entitled to recovery

28  pursuant to Labor Code section 203.

00033029.3                         20
                        CLASS ACTION COMPLAINT

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA")

(By Plaintiff individually, and on behalf of members of the Classes, against Defendants)

93.     Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

94.     Plaintiff is an aggrieved employee of Defendants as defined in Labor Code section 2699, subdivision (a),which provides that any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (or any of its departments, divisions, commissions, board agencies or employees), may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees. Plaintiff individually, and on behalf of all other similarly situated aggrieved employees of Defendants, seeks recovery of all applicable civil penalties pursuant to Labor Code section 2699, subdivision (a).

95.     Pursuant to Labor Code section 2699, subdivision (e), which provides that for all provisions of the Labor Code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, Plaintiff, individually, and on behalf of all other similarly situated aggrieved employees of Defendants, seeks recovery of the applicable civil penalties as follows:

a.  Penalties under Labor Code section 2699, subdivision (f) in the amount of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation;

b.  Penalties under Labor Code section 558, in addition to and entirely independent and apart from other penalty provided in the Labor Code, in the amount of $50 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation for each underpaid

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages, with all wages recovered pursuant to Labor Code section 558 provided to the aggrieved employees;

    c. Penalties under Labor Code section 256, in addition to and entirely independent and apart from other penalty provided in the Labor Code, including Labor Code section 2699, *et seq.*, for any aggrieved employee who was discharged or quit, and was not paid all earned wages at termination in accordance with Labor Code sections 201 and 202, in the amount of a civil penalty of one day of pay, at the same rate, for each day that he or she was paid late, until payment was/is made, up to a maximum of thirty (30) days;

    f. Penalties under Labor Code section 226.3, in addition to and entirely independent and apart from other penalty provided in the Labor Code, in the amount of $250 for each aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee per pay period for each subsequent violation; and

    g. Any and all additional penalties and sums as provided by the Labor Code and/or other relevant statutes.

96.    In addition, Plaintiff, individually, and on behalf of members of the Classes, seeks and is entitled to fifty percent (50%) of all penalties obtained under Labor Code section 2699 to be allocated to the General Fund, and twenty-five percent (25%) of all penalties obtained to be allocated to the Labor and Workforce Development Agency, for education of employers and employees about their rights and responsibilities under the Labor Code, and twenty-five percent (25%) to all aggrieved employees.

97.    Further, Plaintiff, individually, and on behalf of members of the Classes, is entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code section 2699, subdivision (g)(1), section 218.5, and section 1194, subdivision (a), and any other applicable statute.

98. Labor Code section 2699.3(a) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met: (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

99. Here, Plaintiff's civil action alleges violations of provisions listed in Labor Code section 2699.5. As such, Labor Code section 2699.3, subdivision (a) applies to this action, and Labor Code section 2699.3, subdivisions (b) and (c) do not apply to this action.

100. On March 24, 2015, Plaintiff complied with Labor Code section 2699.3, subdivision (a) by giving written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation. Attached hereto as Exhibit "1" is a true and correct copy of Plaintiff's LWDA letter.

101. Labor Code section 2699.3, subdivision (a) further states in pertinent part: "(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

102. As of the filing of the instant Complaint, Plaintiff has not received a notice in response to her March 24, 2015 letter.

103. As such, Plaintiff has complied with Labor Code section 2699.3, subdivision (a) and is authorized to commence a civil action that includes a cause of action pursuant to Labor Code section 2699 in a representative capacity on behalf of herself and all other aggrieved employees of Defendants.

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

**EIGHTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES**

(By Plaintiff individually, and on behalf of the Classes, against Defendants)

104.    Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

105.    Business & Professions Code section 17200 provides in pertinent part that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice."

106.    Defendants are "persons" as defined under Business & Professions Code section 17201.

107.    Business & Professions Code section 17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

108.    Business & Professions Code section 17205 provides that, unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

109.    Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by Business & Professions Code section 17200, including those set forth in the preceding and foregoing paragraphs of the Complaint, thereby depriving Plaintiff and members of the Classes of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

110.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

111.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

112.    Plaintiff and members of the Classes have suffered injury in fact and have lost

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1   money or property as a result of such unfair competition.

2       113.   Plaintiff, individually, and on behalf members of the  Classes, seeks full restitution

3   from Defendants, as necessary and according to proof, to restore any and all monies withheld,

4   acquired and/or converted by Defendants by means of the unfair practices complained of herein.

5       114.   Further, if Defendants are not enjoined from the conduct set forth above,

6   Defendants will continue to practice, employ and utilize the employment practices outlined in the

7   preceding paragraphs.

8       115.   Therefore, Plaintiff requests that the Court issue a preliminary and permanent

9   injunction prohibiting Defendants from engaging in the foregoing conduct.

10      116.   Plaintiff seeks the appointment of a receiver, as necessary, to establish the total

11  monetary relief sought from Defendants.

12                     **VI.    PRAYER FOR RELIEF**

13      WHEREFORE, Plaintiff prays:

14      a.     That the Court issue an Order certifying the Classes herein, appointing Plaintiff as

15  representative of all others similarly situated, and appointing the law firms representing Plaintiff

16  as counsel for Class Members;

17  As to the First Cause of Action for Failure to Pay Reporting Time:

18      b.     For recovery of the unpaid balance of the full amount of the reporting time

19  compensation due and owing, as set forth in the IWC Wage Order(s) regarding reporting time,

20  according to proof;

21      c.     For pre-judgment interest as allowed by Labor Code section 218.6 and Civil Code

22  section 3287;

23      d.     For an award of reasonable attorneys' fees and costs pursuant to Labor Code

24  section 218.5;

25  As to the Second Cause of Action for Failure to Pay Overtime Wages at the Appropriate Rate:

26      e.     For damages, as set forth in Labor Code section 1194 subdivision (a) and the IWC

27  Wage Order(s) regarding wages due and owing, according to proof;

28      f.     For pre-judgment interest as allowed by Labor Code section 218.6, Labor Code

00033029.3                          25
                          CLASS ACTION COMPLAINT

1    section 1194, subdivision (a) and Civil Code section 3287;

2        g.      For an award of reasonable attorneys' fees and costs pursuant to Labor Code

3    section 218.5 and/or Labor Code section 1194, subdivision (a);

4    As to the Third Cause of Action for Failure to Provide Meal Periods:

5        h.      For one (1) hour of pay at the regular rate of compensation for each member of the

6    Meal Period Class for each workday that a meal or rest period was not provided;

7        i.      For pre-judgment interest as authorized by Labor Code section 218.6 and Civil

8    Code section 3287;

9        j.      For an award of reasonable attorneys' fees and costs pursuant to Labor Code

10    section 218.5;

11    As to the Fourth Cause of Action for Failure to Authorize and Permit Paid Rest Periods:

12        k.      For one (1) hour of pay at the regular rate of compensation for each member of the

13    Rest Period Class for each workday that a meal or rest period was not provided;

14        l.      For pre-judgment interest as authorized by Labor Code section 218.6 and Civil

15    Code  section 3287;

16        m.      For an award of reasonable attorneys' fees and costs pursuant to Labor Code

17    section 218.5;

18    As to the Fifth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage

19    Statements:

20        n.      For recovery as authorized by Labor Code section 226(e);

21        o.      For an award of costs and reasonable attorneys' fees pursuant to Labor Code

22    section 226, subdivision (e) and/or subdivision (g);

23    As to the Sixth Cause of Action for Violations of Labor Code section 203:

24        p.      For recovery as authorized by Labor Code section 203;

25    As to the Seventh Cause of Action for Penalties Pursuant to Labor Code section 2699:

26        q.      For penalties as authorized by Labor Code section 2699;

27        r.      For civil penalties per Labor Code section 226.3 in the amount of $250 for each

28    aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

26

CLASS ACTION COMPLAINT

EXHIBIT A - Page 28

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

1 per pay period for each subsequent violation;

2      s.     For civil penalties per Labor Code section 256 in the amount of one day of pay, at

3 the same rate, for each day that an aggrieved employee was paid late, at the time of termination,

4 until payment was/is made, up to a maximum of thirty (30) days;

5      t.     For civil penalties under Labor Code section 2699, subdivision (f), in addition to

6 and entirely independent and apart from other penalty provided in the Labor Code and for Labor

7 Code violations without a specific civil penalty, in the amount of $100 for each aggrieved

8 employee per pay period for each violation, and $200 for each aggrieved employee per pay period

9 for each subsequent violation;

10      u.     For penalties pursuant to Labor Code section 558, as follows:

11          (1) For any initial violation, fifty dollars ($50) for each underpaid employee for

12             each pay period for which the employee was underpaid in additional to an

13             amount sufficient to recover underpaid wages; and

14          (2) For each subsequent violation, one hundred dollars ($100) for each underpaid

15             employee for each pay period for which the employee was underpaid in

16             addition to an amount sufficient to recover underpaid wages;

17          (3) For any and all unpaid wages that shall be paid to the affected employee;

18 As to the Eighth Cause of Action for Unfair Business Practices:

19      v.     For an accounting, under administration of Plaintiffs and/or the receiver and subject

20 to Court review, to determine the amount to be returned by Defendants, and the amounts to be

21 refunded to members of the Classes who are owed monies by Defendants;

22      w.     For an Order requiring Defendants to identify each of the members Classes by

23 name, home address, and home telephone number;

24      x.     For an Order requiring Defendants to make full restitution and payment pursuant to

25 California law;

26      y.     For an Order for a preliminary and/or permanent injunction prohibiting Defendants

27 from engaging in the acts complained of herein;

28      z.     For the creation of an administrative process wherein each injured member of the

00033029.3

27

CLASS ACTION COMPLAINT

1 | Classes may submit a claim in order to receive his/her money;

2 |        aa.        For all other appropriate injunctive, declaratory and equitable relief;

3 |        bb.        For interest to the extent permitted by law;

4 |        cc.        For an award of attorneys' fees and costs incurred in the investigation, filing and

5 | prosecution of this action pursuant to Code of Civil Procedure section 1021.5, Business &

6 | Professions Code section 17200, *et seq.*, Labor Code section 1194 and/or any other applicable

7 | provision of law;

8 | As to All Causes of Action:

9 |        dd.        For such relief as this Court may deem just and proper, including reasonable

10 | attorneys' fees and costs incurred.

11 |

12 | DATED: May 26, 2015                              Respectfully submitted,

13 |                                                                BOUCHER LLP

14 |

15 |                                                                By:

16 |                                                                RAYMOND P. BOUCHER
17 |                                                                SHEHNAZ M. BHUJWALA
                                                                   BRANDON K. BROUILLETTE
18 |
                                                                   LAW OFFICES OF SAHAG MAJARIAN II
19 |                                                                SAHAG MAJARIAN II

20 |                                                                *Attorneys for Plaintiff Andrea Moppin*

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

00033029.3

28

CLASS ACTION COMPLAINT

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues and claims alleged in Plaintiff's Class Action Complaint to the extent authorized by law.

DATED:  May 26, 2015

Respectfully submitted,

BOUCHER LLP

By: _____

RAYMOND P. BOUCHER
SHEHNAZ M. BHUJWALA
BRANDON K. BROUILLETTE

LAW OFFICES OF SAHAG MAJARIAN II

SAHAG MAJARIAN II

*Attorneys for Plaintiff Andrea Moppin*

# EXHIBIT 1

# BOUCHER LLP

March 24, 2015

**SENT VIA CERTIFIED MAIL**

Labor and Workforce Development Agency
800 Capital Mall MIC55
Sacramento, CA 95814

RE:   *Los Robles Regional Medical Center/trustaff Travel Nurses, LLC and trustaff Healthcare Solutions, LLC – Private Attorney General Act of 2004 Claim*

To Whom It May Concern:

This letter is sent to inform you that Andrea Moppin ("Moppin") intends to avail herself of the protections granted by the California Labor Code Private Attorney General Act of 2004 ("PAGA" or "the Act") (Labor Code § 2698 *et seq.*), on behalf of herself and the following individuals: (1) all current and former California, non-exempt employees of Los Robles Regional Medical Center ("LRRMC"), and (2) all current and former California, non-exempt temporary employees of trustaff Travel Nurses, LLC and/or trustaff Healthcare Solutions, LLC ("trustaff").

Moppin worked as a Registered Professional Nurse Traveler for LRRMC via a temporary help worker assignment procured by trustaff from approximately March to September of 2014. Pursuant to California law, LRRMC and trustaff were at all relevant times her joint employers in her capacity as a Registered Professional Nurse Traveler. In her representative action, Moppin will seek PAGA penalties associated with LRRMC's and/or trustaff's failure to: (1) provide proper meal periods; (2) provide proper rest periods; (3) pay employees at the correct premium rate for all overtime hours worked; (4) pay all wages due to employees at the conclusion of their employment relationship; (6) provide proper wage statements as mandated by California law, and (7) pay the minimum reporting time on days employees are required to report for work and report, but are not put to work or are furnished less than half the usual or scheduled day's work.

Labor Code section 2699(a) imposes a procedural "notice" requirement on any aggrieved employee intending to pursue an action under the Act. This notice provision is codified in Labor Code section 2699.3, and requires that the aggrieved employee or representative give written notice to the Labor and Workforce Development Agency, and to the employer, of the Labor Code provisions alleged to have been violated, including the facts and theories to support the alleged violation. By sending this correspondence, Moppin is complying with the statutory notice requirements of the Act.

Moppin alleges that LRRMC and/or trustaff violated California Labor Code sections 201-203, 204, 226, 226.7, 510, 512, 558, 1194, 1194.2, 1197, and 1198 and California Business and Professions Code section 17200, *et seq.*, by engaging in the following policies and/or practices:

Labor and Workforce Development Agency
March 24, 2015
Page 2

- LRRMC and/or trustaff failed and continues to fail to provide timely meal periods for shifts longer than 6 hours and failed to provide second meal periods for shifts between 10 and 12 hours, or provide compensation therefore.
- LRRMC and/or trustaff failed and continues to fail to authorize duty free rest periods for each four hours worked or major fraction thereof, or provide compensation therefore.
- LRRMC and/or trustaff has willfully failed and continues to fail to pay upon either termination or within 72 hours of resignation the legally mandated compensation as a result of its failure to provide meal and rest periods, and/or its failure to pay the correct premium rate for all overtime hours worked, and thus violated Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.
- LRRMC and/or trustaff failed and continues to fail to pay the correct premium rate for all overtime wages earned by failing to include all remuneration provided to employees, including any and all non-discretionary bonuses and per diem pay, in setting forth each employee's regular rate of pay.
- LRRMC and/or trustaff failed and continues to fail to provide accurate itemized wage statements in accordance with Labor Code section 226 subd. (a) by failing to: list the facility name for temporary hospital workers assignments, and/or provide a means for employees to determine the total hours worked during a pay period, and/or provide accurate totals for gross wages, net wages, and deductions for each pay period
- LRRMC and/or trustaff failed and continues to fail to pay minimum reporting time on days employees are required to report for work and report, but are not put to work or are furnished less than half the usual or scheduled day's work, including but not limited to, occasions employees report to work and are informed by LRRMC and/or trustaff they are being terminated.

The allegations set forth herein are supported by, among other things, records and documents received from LRRMC and Ms. Moppin, including time records, wage statements, and trustaff's Acceptance Agreement for Ms. Moppin, as well as Ms. Moppin's confirmation of LRRMC's and trustaff's unlawful practices and policies. As a result of the foregoing violations, Ms. Moppin is entitled to file a Complaint and invoke the protections of the Act. Ms. Moppin has placed LRRMC and trustaff on notice by mailing a certified copy of this notice to each companies' corporate headquarters.

/ / /

/ / /

/ / /

Labor and Workforce Development Agency
March 24, 2015
Page 3

Very truly yours,

BOUCHER LLP

By: _____
Brandon Brouillette, Esq.

cc:     Los Robles Regional Medical Center
        trustaff Travel Nurses, LLC
        trustaff Healthcare Solutions, LLC
        Sahag Majarian (via email and U.S. mail)